**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

JOHNNY E. SCOTT                                                                                                  PLAINTIFF

v.                                       No. 4:17-CV-00040-BRW-PSH

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration                                          DEFENDANT

**RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**REASONING FOR RECOMMENDED DISPOSITION**

Johnny Scott applied for social security disability benefits with an alleged disability onset date of March 31, 2006. (R. at 109). After a hearing, the administrative law judge (ALJ) denied his applications. (R. at 50–51). The Appeals Council denied Scott's request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Scott has requested judicial review.

For the reasons stated below, the magistrate judge recommends affirming the Commissioner's decision.

**I.**         **The Commissioner's Decision**

The ALJ found that Scott was insured under the Social Security Act through March 31, 2006. (R. at 42). The ALJ found that Scott had the severe impairment of degenerative disk disease of the lumbar spine prior to the date last insured and that, since the application date, he had the severe impairments of degenerative disk disease of the lumbar spine and degenerative joint disease of the right shoulder. (R. at 42). The ALJ determined that, prior to the date last insured, Scott had the residual functional capacity (RFC) to perform light work, except that he could not climb ladders, ropes, or scaffolds; could only occasionally climb ramps or stairs, kneel, crawl, crouch, stoop, or balance. (R. at 44). The ALJ found that, after the application date, Scott had the RFC to perform light work, except that he could not climb ladders, ropes or scaffolds; could occasionally climb ramps or stairs; could occasionally perform all other postural activities and could never reach overhead with the right upper extremity. (R. at 44). Scott had no past relevant work. (R. at 49).The ALJ found, with vocational expert (VE) testimony, that Scott could perform jobs such as ticket taker or agricultural produce sorter. (R. at 50). The ALJ therefore held that Collison was not disabled. (R. at 50–51).

II. **Summary of Medical Evidence**

Scott complained of lower back pain on April 11, 2006, but stated that Tramadol helped with his pain. (R. at 1489). He again complained of intermittent back pain and left leg numbness on October 5, 2006, when his pain was noted as stable and he was advised to reduce his cyclobenzaprine. (R.at 1477–79). On March 3, 2010, Scott told his doctor that he managed his pain with muscle relaxers, alcohol, and cannabis. (R. at 1399).

An x-ray on September 14, 2010 showed narrowing of the facet joints at L4–L5, hypertrophic changes of the facets at L5–S1, and first-degree spondylolisthesis of L5 on

S1. (R. at 393). A May 21, 2012 MRI revealed degenerative changes most significant at L5–S1 and possible left spondylosis. (R. at 389).

In August 2013, Scott suffered alcohol withdrawal seizures that resulted in a right proximal humeral fracture. (R. at 474–75). MRI and EEG were negative. (R. at 475). The seizures were noted as resolved on September 12, 2013. (R. at 632). The seizures resulted in a fracture that was repaired with a right shoulder hemiarthroplasty on August 30, 2013. (R. at 879–80). He stated that he was not having much pain in the shoulder on September 17, 2013. (R. at 613). He reported improvement and decreased pain on September 25, 2013. (R. at 484).

Scott presented for a consultative examination on November 23, 2013, where Adam Dooley, M.D. found that he could rise from a sitting position without assistance and bend and squat without difficulty. (R. at 1545). Dr. Dooley found that Scott had 5/5 grip strength and that his right shoulder wound was healing well following the hemiarthroplasty. (R. at 1545–46). Scott had reduced right shoulder range of motion. (R. at 1547). Dr. Dooley found that Scott could not engage in prolonged standing or walking and could not carry more than 10 pounds with his right arm. (R. at 1546).

On November 5, 2014, Scott reported pain and restricted range of motion in his right shoulder, with pain being the bigger issue. (R. at 1811). He had significantly reduced range of motion on examination, and it was noted that his only option would be a reverse total shoulder arthroplasty. (R. at 1812). Scott underwent the revision surgery on June 8, 2015. (R. at 2047–49). A September 23, 2015 x-ray found a stable reverse total shoulder arthroplasty. (R. at 1860). Scott reported that he was doing fine except for occasional pain in the morning. (R. at 1915). He had 90 degree active forward elevation and 30 degree active external rotation with internal rotation up to L5 with 5/5 deltoid

strength. (R. at 1915–16). His occupational therapist noted on September 9, 2015 that he should not lift weights exceeding articles of clothing, robes, bath towels, and other such items and that he had a lifetime load limit of no greater than 25 pounds. (R. at 1917). She noted improved range of motion on October 8, 2015. (R. at 2508).

### III. Discussion

The Court reviews to determine whether substantial evidence on the record as a whole exists to support the ALJ's denial of benefits. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). "Substantial evidence" exists where a reasonable mind would find the evidence adequate to support the ALJ's decision. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). The Court will not reverse merely because substantial evidence also supports a contrary conclusion. *Long*, 108 F.3d at 187.

Scott argues that the ALJ failed to consider his seizure disorder and did not consider his impairments in combination. He also contends that new evidence presented to the Appeals Council warrants reversal, that the medical evidence does not support the RFC finding, and that the ALJ failed to perform a proper credibility analysis.

#### a. Seizure Disorder

Scott first argues that he has a seizure disorder that the ALJ failed to account for. He argues that the after-effects of seizures would prevent him from engaging in work activity and that the alleged seizure disorder would require him to avoid hazards such as moving machinery, unprotected heights, and others.

The undersigned cannot agree. It is indisputable that the medical records show Scott experienced seizures. However, records also clearly show that these seizures were the result of alcohol withdrawal. (R. at 474–75). Furthermore, medical records state that

the seizures have resolved. (R. at 632). There is no record of a seizure occurring after August 2013. The ALJ concluded that Scott's seizures do not significantly limit his ability to perform basic work activities. (R. at 43). There is substantial evidence on the record as a whole to support this determination.

### b. Impairments in Combination

Scott also contends that the ALJ failed to consider his impairments in combination. Scott points out that he has been diagnosed with rhinitis, dermatitis, acidosis, anxiety, trochanteric bursitis, and other conditions. (R. at 525–26).

The ALJ discussed Scott's impairments, both severe and non-severe. (R. at 42–43). Furthermore, there is nothing in the medical records indicating that the additional impairments that Scott alleges further limited his ability to work. Aside from simply listing the additional impairments, Scott makes no argument as to how the impairments limit him and cites no evidence to support his contention of additional limitations. Simple diagnoses, standing alone, do not establish disability. *See, e.g., Jones v. Astrue*, 619 F.3d 963, 972 (8th Cir. 2010) (recognizing that a diagnosis does not *per se* establish a disability).

### c. New Evidence

Scott also contends that additional records presented to the Appeals Council require remand. Scott does not develop this argument beyond stating that the records are almost 500 pages in length and "clearly are significant evidence."

To support remand, additional evidence must be new and material. *Bergmann v. Apfel*, 207 F.3d 1065, 1069–70 (8th Cir. 2000). In order to be considered "new," the evidence cannot simply be cumulative. *Id.* To be "material," the evidence must concern

conditions present prior to the ALJ's decision, not later acquired conditions or subsequently worsening conditions. *Id.*

A review of the records in question shows that they contain little to no new information. In fact, some of the new records show improvement. (R. at 2508). As the records are merely cumulative, they do not warrant remand.

### d. Support for RFC

Scott further argues that the ALJ did not account for his complaints of pain in the RFC and that the medical opinions do not support an RFC for light work.

As far as Scott's limitations based on pain are concerned, the ALJ limited him to no overhead reaching with his right arm and found several postural limitations that account for pain. (R. at 44). Additionally, Scott has failed to produce or point to any evidence that suggests that his pain is more limiting than what the ALJ found.

Scott also observes that Adam Dooley, M.D. opined that he could lift no more than 10 pounds with his right arm on November 23, 2013. (R. at 1546). However, this opinion came shortly after Scott's hemiarthroplasty. Significantly, Scott's occupational therapist noted that he had a lifetime lifting limitation of 25 pounds. (R. at 1917). Such a lifting limitation would be consistent with the RFC for light work. Substantial evidence on the record as a whole supports an RFC for light work.

### e. The Credibility Determination

Finally, Scott argues that the ALJ failed to perform a proper credibility analysis by failing to consider his strong work record, the consistency of his pain allegations with the medical evidence, the side effects of his medication, and the potential distraction caused by his pain.

The Court defers to the ALJ's credibility determination when it is supported by good reason and substantial evidence. *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014). The ALJ must consider "(1) the claimant's daily activities; (2) the duration and intensity of the pain; (3) the precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; (5) functional restrictions." *Miller v. Sullivan*, 953 F.2d 417, 420 (8th Cir. 1992) (*citing Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ need not specifically address each factor. *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004).

The ALJ set forth reasons for finding Scott to not be entirely credible, including his daily activities and the consistency of his claims of limitations with the medical evidence. (R. at 45). Scott argues that he has a strong work record that supports his credibility, but the record is clearly at odds with that assertion. The record shows that Scott has had no employment since 2002, despite alleging disability since only 2006. (R. at 219). Moreover, his employment since 1991 has been limited. (R. at 219). Rather than bolstering his credibility, his work record weighs against his credibility and suggests a lack of motivation to work.

Concerning his allegations of pain, the ALJ accounted for pain in the RFC. Scott has not shown that his pain is disabling, and the record simply does not reflect such limitations due to pain. Similarly, though Scott contends that his pain affects his ability to concentrate, he has shown no evidence of a decreased ability to concentrate.

Finally, Scott maintains that the ALJ failed to account for the side effects of his medication. Scott points to a single page in the record to support this claim, which states "[h]e does not take much pain medication because he does not like the way they make

him feel." (R. at 613). This single vague statement does not demonstrate that Scott experiences side effects from medication that would prevent him from working.

The ALJ's credibility determination is supported by substantial evidence on the record as a whole.

## IV. Recommended Disposition

The ALJ considered all of Scott's impairments, properly formulated the RFC, properly weighed the opinion evidence, and performed a proper credibility analysis. The additional evidence in the record is merely cumulative and does not support remand. The ALJ's decision is supported by substantial evidence on the record as a whole and is not based on legal error. For these reasons, the undersigned magistrate judge recommends AFFIRMING the decision of the Commissioner.

It is so ordered this 1st day of November, 2017.

_____
PATRICIA S. HARRIS
UNITED STATES MAGISTRATE JUDGE